IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAVID ELLSWORTH DICK, III, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GLR-24-776 |
| WARDEN, | * | |
| Defendant. | * | |
| | *** | |

**MEMORANDUM OPINION**

On March 14, 2024, Plaintiff David Ellsworth Dick, who is currently housed at Jessup Correctional Institution ("JCI"), filed correspondence, which was construed by the Court as a Complaint under 42 U.S.C. § 1983. (ECF No. 1). Dick failed to pay the Court's filing fee, or to file a Motion for Leave to Proceed in Forma Pauperis seeking its waiver. However, for the reasons which follow, Dick's Complaint will be dismissed, so he will not be required to correct the oversight.

Sections 1915(e)(2)(B) and 1915A of 28 U.S.C. require this Court to conduct an initial screening of this complaint and to dismiss any complaint that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); see also Lomax v. Ortiz-Marquez, 140 S.Ct. 1721 (2020). The Court is mindful, however, that Davis is a self-represented litigant. A federal court must liberally construe pleadings filed by pro se litigants to allow them to fully develop potentially meritorious cases. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). But liberal

construction does not mean that a court can "ignore an obvious failure to allege facts setting forth a plausible claim for relief." Sheehan v. Saoud, 650 F.App'x 143, 152 (4th Cir. 2016) (citing Weller v. Department of Social Services, 901 F.2d 387, 391 (4th Cir. 1990)).

Dick's Complaint is styled as a letter to the Clerk of this Court, and he states that he is writing because his "situation in the Maryland District Court of Harford County has committed [him] to Jessup Correctional Institution." (Compl. at 1, ECF No. 1).[1] With his correspondence, he includes four motions. Each of these motions is prepared on Maryland State Court forms that are captioned as the "District Court of Maryland." The first, a "Motion for an Appeal," purports to seek an appeal because Judge Kirwin Miller refused "to say the judicial oath when asked," Dick's attorney failed to show him discovery and failed to pursue a jury trial, and Dick was denied bail and not afforded sufficient time to prepare his defense. (Mot. Appeal at 1, ECF No. 2). The second, titled "Motion to Dismiss," appears to seek dismissal of his criminal case, or cases, in the Harford County Courts. (Mot. Dismiss at 1, ECF No. 3). The third, "Motion for Retrial," again appears to seek a retrial related to a violation of probation before Judge Kirwin Miller. (Mot. Retrial at 1, ECF No. 4). Finally, "Motion for Change in Sentencing" appears to indicate that Dick had

---

[1] Dick references that he has "previously written" to the Court. (Compl. at 1). A review of the Court's docket reflects that Dick previously filed a Complaint on February 16, 2024, pertaining to pending state court criminal charges, which was dismissed on March 7, 2024. See Dick v. Warden, civil action number LKG-24-0491. As Dick may be unaware that his case was closed, the Clerk will be directed to send a copy of Judge Griggsby's March 7, 2024, Memorandum and Order (ECF Nos. 4 and 5 in civil action number LKG-24-0491) to Dick.

inadequate time to prepare a defense and accordingly, seeks resentencing. (Mot. Change in Sentencing at 1, ECF No. 4).

Reading Dick's Complaint and his motions in their totality, it appears that Dick is seeking to appeal his state court conviction, and requesting other relief related to his conviction. As a federal Court, this Court is without power to order the State Court to grant an appeal, dismiss a case, grant a retrial, or change Dick's sentence. This Court has no jurisdiction to issue a writ of mandamus commanding a state court to entertain Dick's motions. See Gurley v. Superior Court of Mecklenburg Cty., 411 F.2d 586, 587 (4th Cir. 1969), see also 28 U.S.C. § 1361. A writ of mandamus is an extraordinary writ that is only available in cases where there is no other means by which the relief sought could be granted. In re Beard, 811 F.2d 818, 826 (4th Cir. 1987). For this reason, Dick's Complaint must be dismissed without prejudice. For the same reason, all of Dick's Motions must be denied without prejudice.[2]

Further, Dick has failed to comply with the Federal Rules of Civil Procedure, which require that the complaint contain, at a minimum, a short and plain statement of the claim that shows the plaintiff is entitled to relief and a request for relief, see Fed.R.Civ.Proc. 8(a), and also the names of each defendant, see Fed.R.Civ.Proc. 10(a). Additionally, under Rule 8(a), a pleading must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002)

---

[2] If Dick is attempting to appeal or challenge his state court sentence, he may pursue these actions in the appropriate state court.

(quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). Dick has failed to clearly state any claim, or to identify any defendants, and thus his case cannot proceed.

    A separate Order follows.

    Entered this 25th day of March, 2024.

                                                      _____/s/_____
                                                      George L. Russell, III
                                                      United States District Judge